**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBRA HOLDEN,**

                **Plaintiff,**                    **Case No.:**

**v.**

**ACHIEVA CREDIT UNION,**

                **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBRA HOLDEN, hereby sues Defendant, ACHIEVA CREDIT UNION.

(hereinafter "ACHIEVA" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, DEBRA HOLDEN, is an adult resident of Pinellas County, Florida.

4.      Defendant, ACHIEVA CREDIT UNION, is a credit union/financial cooperative authorized and doing business in this Judicial District.

5.      At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, the Florida Civil Rights Act, and Florida's Workers' Compensation statute.

## ADMINISTRATIVE PREREQUISITES

6.      On December 20, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations.

7.      On August 5, 2020, the EEOC issued Plaintiff a Notice of Right to Sue.  This Complaint has been filed within 90 days of receipt of the Notice of Right to Sue.

8.      Additionally, more than 180 days have passed since the filing of Plaintiff's Charge of Discrimination; therefore, Plaintiff has exhausted her administrative prerequisites and met all conditions precedent for filing under the Florida Civil Rights Act.

## FACTUAL ALLEGATIONS

9.      On or about September 20, 2004, Plaintiff began her employment with Defendant as a Member Service Advisor.

10.      During Plaintiff's employment with Defendant, Plaintiff was viewed as a good employee.  For example, Plaintiff received good performance evaluations that resulted in merit-based pay raises and commendations for her work.  Additionally, Plaintiff was recognized as a top loan producer in the company (in her last year, Plaintiff made Defendant approximately $4 million in loans) and received several promotions.

11.      At the conclusion of Plaintiff's employment with Defendant, Plaintiff held the position of Universal Branch Advisor III.

12.      On or about September 3, 2019, Plaintiff suffered an on-the-job injury. Specifically, Plaintiff injured her lower back on the right side (Sacroiliac Joint Dysfunction).

13.     On or about September 4, 2019, Plaintiff reported the injury to her supervisor Ivana Manojlovic (Branch Manager) and Sarah Schackmann (Human Resources).  That day, Plaintiff treated in the emergency room and was removed from work by her treating doctor until October 9, 2019.

14.     The next week, Plaintiff followed up with an orthopedic specialist, who ordered physical therapy. At no point was Plaintiff offered leave under the Family and Medical Leave Act (FMLA).

15.     On or about October 10, 2019, Plaintiff treated with her Podiatrist regarding bunion joint replacement surgery, unrelated to Plaintiff's workplace injury.

16.     Surgery was scheduled for November 8, 2019 and Plaintiff's physician anticipated that Plaintiff would require three (3) weeks off work, with a return date of December 2, 2019.

17.     On or about October 14, 2019, Plaintiff notified Shatavia Buchanan (Acting Assistant Branch Manager) of her scheduled foot surgery.  Buchanan stated that she would adjust the work schedule and instructed Plaintiff to consult with human resources.

18.     Plaintiff emailed Schackmann, informed her of the surgery, and requested FMLA paperwork.

19.     On or about October 18, 2019, the FMLA certification from Plaintiff's doctor was submitted to Guardian (third party administrator) and Plaintiff provided Schackmann with the completed documents as well.

20.     Schackmann later confirmed that Plaintiff's FMLA leave was approved and requested a phone conference on November 1, 2019 prior to Plaintiff going on leave.  Again,

Schackmann confirmed that everything was approved with Plaintiff's upcoming FMLA leave and Schackmann stated that she would fax Plaintiff the balance of the paperwork from Defendant on the day of Plaintiff's surgery.

21.     On November 4, 2019, Plaintiff was terminated from her job with Defendant after 15 years of service.  Jim Liermann (Market Vice President) and Sarah Jacobs (Branch Manager from a different branch) called Plaintiff into a meeting and informed Plaintiff that she was being terminated due to issues with two member accounts in 2018.  Specifically, Liermann stated that Plaintiff gave a customer with a low credit score privilege pay/overdraft protection and mobile banking access to a customer with a credit score of zero.  Liermann further claimed that Plaintiff cost the company $2,000.  Plaintiff asked Liermann if she could look at the accounts to better explain the situation, particularly since Plaintiff's job position gave Plaintiff authority to make those types of exceptions for customers.  Liermann refused, told Plaintiff to give him her keys and badge, and reaffirmed Plaintiff's termination.

22.     When Plaintiff got home, she called Schackmann and inquired as to why she was not afforded the opportunity to further discuss the issues rather than be summarily terminated from her job.  Neither Schackman, nor Jeff Blake (Human Resources Assistant) were able to provide Plaintiff with any answers.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

23.     Plaintiff, DEBRA HOLDEN, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

24.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

25.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave qualification, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

26.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

27.     Plaintiff suffered from serious health conditions within the meaning of the FMLA.

28.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.  Specifically, Defendant failed to provide proper eligibility notices under the FMLA, failed to provide Plaintiff with protected leave under the FMLA, and terminated Plaintiff's employment.

29.     Defendant's actions constitute a violation of the FMLA.

30.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Liquidated damages;

e.      Attorneys' fees and costs;

f.      Injunctive relief; and

g.     For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

31.     Plaintiff, DEBRA HOLDEN, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

32.     Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for and utilization of FMLA leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff's employment.

33.     Defendant's actions constitute violations of the FMLA.

34.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Liquidated damages;

e.     Attorneys' fees and costs;

f.     Injunctive relief; and

g.     For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

35.     Plaintiff, DEBRA HOLDEN, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

36.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

37.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

38.     Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.  Specifically, Plaintiff's medical conditions (joint dysfunction in back and toe) substantially limited one or more major life activities, including but not limited to: walking and working.

39.     Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

40.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant discriminated against Plaintiff by denying Plaintiff a reasonable accommodation for her disabilities and terminating Plaintiff's employment with Defendant.

41.     The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

42.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

44.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

45.     Plaintiff, DEBRA HOLDEN, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

46.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

47.     Plaintiff is an employee within the meaning of the FCRA.

48.     Plaintiff is an individual with a disability within the meaning of the FCRA. Specifically, Plaintiff's medical conditions (joint dysfunction in back and toe) substantially limited one or more major life activities, including but not limited to: walking and working.

49.     Plaintiff was a qualified individual with a disability within the meaning of the FCRA because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

50.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the FCRA. Specifically, Defendant discriminated against Plaintiff by denying Plaintiff a reasonable accommodation for her disabilities and terminating Plaintiff's employment with Defendant.

51.     The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

52.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

53.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

54.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

    a.      Back pay and benefits;

    b.      Prejudgment interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.      Punitive damages;

    f.      Attorneys' fees and costs; and

    g.      For any other relief this Court deems just and equitable.

## COUNT V
## WORKERS' COMPENSATION RETALIATION/COERCION

55.     Plaintiff, DEBRA HOLDEN, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

56.     Plaintiff was an employee within the meaning of Florida Statute § 440.02 (1993).

57.     By reason of Plaintiff's valid claim for Workers' Compensation benefits and/or Plaintiff's attempt to exercise her rights under Florida's Workers' Compensation law, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

58.     Defendant took the above unlawful actions against Plaintiff by reason of Plaintiff's valid claim for Workers' Compensation, in violation of Florida Statute § 440.205 (1993).

59.     As a direct, natural, foreseeable and proximate result of the Defendant's adverse employment actions, Plaintiff has suffered damages.

WHEREFORE**,** Plaintiff demands a trial by jury and judgment against Defendant, and prays for the following relief:

        a.        Back pay;

        b.        Future lost wages;

        c.        Compensatory damages for emotional distress;

        d.        Punitive damages;

        e.        and such other relief to which the Plaintiff may be justly entitled.

## **DEMAND FOR JURY TRIAL**

60.      Plaintiff, DEBRA HOLDEN, demands a trial  by jury.

        Dated this 3rd day of November 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

/s/ *Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*